

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
11/28/2012

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| AMELIA V. KELLY, | )   CASE NO. 12-80534-G3-13 |
| | ) |
| Debtor, | ) |
| | ) |

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Emergency Motion for Relief from the Automatic Stay (Regarding Debtor's Alleged Homestead, an Operating Bed & Breakfast Known as 'The Captain's Quarters in Kemah, Texas') Located at 701 Bay Avenue, Kemah, Texas 77565, Filed by Secured Judgment Creditor Matthew Wiggins, Jr." (Docket No. 13). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered lifting the automatic stay to allow the parties to exercise their rights and remedies under state law. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Amelia V. Kelly ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 23, 2012.

Debtor filed a notice of conversion to Chapter 7 on November 16, 2012.

In the instant motion, Matthew Wiggins seeks relief from stay, in order to continue appeal of a state court judgment and/or enforce the judgment, with respect to real property located at 701 Bay Avenue, Kemah, Texas ("701 Bay")

At the hearing on the instant motion, Debtor testified that she purchased the real property at 701 Bay .  On August 25, 2006, Debtor executed a note payable to First Franklin, in the original principal amount of $693,750, secured by 701 Bay. (Wiggins Exhibit 10).

Debtor testified that, when she purchased 701 Bay, the previous owner had lived at the property and operated the property as a bed and breakfast.  She testified that she intended to live at 701 Bay and operate the property as a bed and breakfast.  She testified that, when she first purchased the property, it was outdated, and was in need of renovations.  She testified that she started the renovation, tearing out walls, and removing appliances.

Debtor testified that, prior to 2009, she conveyed the property to William Kelleher, a friend and business partner of Debtor, in an attempt to obtain additional financing for renovation of the property.  She testified that, during 2009,

Kelleher reconveyed the property to Debtor, after Kelleher sought to use his funds on a different business opportunity in England.

Debtor testified that she approached Matthew Wiggins for a loan, in order to buy out Kelleher's interest in the property.

On June 5, 2009, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in Case No. 09-80207-G3-7.[1]  Debtor testified that Wiggins instructed Debtor as to how to complete the schedules and statement of financial affairs in Case No. 09-80207-G3-7.  Wiggins testified that he did not do so.  Wiggins testified that he did obtain bankruptcy forms and deliver them to Debtor.  The court makes no finding at this time as to whether Wiggins instructed Debtor in the filing of the schedules and statement of financial affairs in Case No. 09-80207-G3-7.[2]

On June 19, 2009, Debtor executed a note, in the original principal amount of $400,000, payable on demand to Wiggins.  (Wiggins Exhibit 27).  Debtor also executed a deed of trust with respect to 701 Bay, to secure payment of the note.  (Wiggins Exhibit 15).

---

[1]Case No. 09-80207-G3-7 was dismissed, by order entered on June 23, 2009, for failure of Debtor to timely file a list of creditors.

[2]The court notes that Wiggins testified that he is a law school graduate.  Wiggins is not listed as an attorney by the State Bar of Texas.

Debtor testified that Wiggins did not advance funds directly to Debtor.  She testified that Wiggins wrote checks to contractors, and gave them to Debtor to deliver to contractors she had hired, and also that Wiggins wrote checks and delivered them himself to contractors Wiggins had hired with respect to 701 Bay.

On December 14, 2009, Wiggins gave notice of a foreclosure sale of 701 Bay, to take place on January 5, 2010. (Wiggins Exhibit 9).  On January 5, 2010, Wiggins' designee, D.L. Hammaker, conducted a nonjudicial foreclosure sale of Debtor's interest in 701 Bay, and sold the property to Wiggins.

Wiggins testified that, after he purchased Debtor's interest in 701 Bay at the foreclosure sale, he paid the monthly mortgage amounts owed to First Franklin, from January, 2010 through February, 2011.

On February 22, 2011, Wiggins executed a note payable to Texas Citizens Bank, in the original principal amount of $1 million.  (Wiggins Exhibit 2).  Wiggins also executed a deed of trust, and an assignment of rents, purportedly granting a security interest in 701 Bay to Texas Citizens Bank.  (Wiggins Exhibits 18, 19).  Wiggins testified that he used the proceeds of the Texas Citizens Bank note, in part, to pay the balance owed to First Franklin.

4

Wiggins testified that Debtor filed suit against him one day after he executed the note payable to Texas Citizens Bank and the deed of trust.

Debtor filed suit, in the 122nd Judicial District Court of Galveston County, Texas, to set aside the foreclosure. After a week-long jury trial conducted during February, 2012, the state court issued its judgment on June 22, 2012. (Wiggins Exhibit 1).

The state court judgment provided in pertinent part that the foreclosure conducted on January 5, 2010 was void, and that Debtor's interest in the real property was subject to a lien in favor of Wiggins, in the amount of $660,000, "for the purchase, preservation and improvement of the property." (Wiggins Exhibit 1).

At the hearing on the instant motion, Debtor testified that she has not appealed the June 22, 2012 judgment of the state court.

Wiggins testified that 701 Bay is operated as a bed and breakfast by one of Wiggins' affiliates, an entity named Kemah Trading Company. Wiggins testified that he has maintained the property, has paid for insurance, and has paid the ad valorem property taxes on 701 Bay.

Debtor has filed two adversary proceedings against Wiggins in the instant Chapter 7 case, both addressing aspects of the June 22, 2012 judgment. In Adv. No. 12-8013, Debtor seeks

5

turnover of 701 Bay.  In Adv. No. 12-8016, Debtor seeks to avoid the lien created by the judgment, asserting that the judgment lien violates the Texas Constitution.

Debtor testified that she currently leases a home in Seabrook, Texas on a month to month basis.  She testified that she has lived there for two years.  She testified that she filed the adversary proceeding seeking turnover of 701 Bay because her landlord will be returning from Afghanistan during December, 2012, and she does not know whether he intends to occupy the property she has been leasing.

In Debtor's Schedule D, she lists a disputed claim of Wiggins in the amount of $660,000, and a claim of $12,000 filed by the Galveston County Tax Assessor/Collector, as secured creditors, with claims secured by 701 Bay.  In Debtor's Schedule F, she lists a total of $28,876 in unsecured claims.

At the hearing on the instant motion, Debtor testified that she works as a paralegal.  She testified that she presently earns approximately $4,000 per month from her work.

Debtor testified that she initially filed a Chapter 13 case, believing that she would be able to take possession of 701 Bay, and earn sufficient income operating it to fund a Chapter 13 plan.  The instant case has subsequently been converted to a liquidation under Chapter 7.

Debtor has made no offer of adequate protection of Wiggins' interest in the property at 701 Bay.

### Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, based on the totality of the circumstances, there is essentially a two-party dispute between

7

Debtor and Wiggins as to the disposition of the property at 701 Bay.  Debtor has not occupied the property, and there has been extensive litigation in state court (some of which remains pending) regarding the ownership and other interests in the property.  There has been no offer of adequate proection, and no evidence that Debtor has the ability to adequately protect Wiggins' interest.  The court concludes that Debtor has failed to carry the burden of proof as to the issue of cause.  The court concludes that the stay should lift, for cause, to permit both Wiggins and Debtor to exercise their rights and remedies under state law.

      Based on the foregoing, a separate Judgment will be entered, on the "Emergency Motion for Relief from the Automatic Stay (Regarding Debtor's Alleged Homestead, an Operating Bed & Breakfast Known as 'The Captain's Quarters in Kemah, Texas') Located at 701 Bay Avenue, Kemah, Texas 77565, Filed by Secured Judgment Creditor Matthew Wiggins, Jr." (Docket No. 13), modifying the automatic stay to permit both Wiggins and Debtor to exercise their rights and remedies under state law.

      Signed at Houston, Texas on November 28, 2012.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE